UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TRUVIA NATURAL SWEETENER
MARKETING AND SALES PRACTICES
LITIGATION                                                                                          MDL No. 2512


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Cargill, Inc., moves to centralize this litigation in the District of Minnesota. This litigation currently consists of four actions pending in the Southern District of Florida, the District of Hawaii, and the District of Minnesota, as listed on Schedule A. The cases in this litigation involve allegations that Cargill misleadingly labels and markets its Truvia Natural Sweetener products (Truvia) as "natural," when, according to the plaintiffs: (1) Truvia is primarily made from erythritol, which is produced through fermentation of corn-derived dextrose; and (2) the stevia leaf extract ingredient—the focal point of Cargill's marketing—is obtained through extensive processing involving various toxic chemicals.

Plaintiffs in the action pending in the District of Minnesota support the motion and, alternatively, suggest centralization in the Northern District of California. All other plaintiffs oppose centralization on the basis of pending motions to transfer or show cause orders in each of the actions. Alternatively, these plaintiffs support the District of Hawaii as the transferee forum.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Though these actions share common questions of fact as to whether the labeling and marketing of Truvia as "natural" is false or misleading, there exists a reasonable prospect that resolution of the pending transfer motions could eliminate the multidistrict character of these actions. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380-81 (J.P.M.L. 2012).

Two of the four actions on the motion are pending in the District of Hawaii. One of those actions, *Calderon*, was initially filed in the Central District of California and, midway through the briefing on the present motion, was transferred pursuant to the "first-to-file rule" to the District of Hawaii.[1] Both of the Hawaii actions are now subject to a pending motion by Cargill to transfer to

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] The "first-to-file rule" is a doctrine of federal comity, pursuant to which, "'when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear

(continued...)

the District of Minnesota. In the Southern District of Florida action, the plaintiff has filed a motion to transfer that action to the District of Hawaii. Finally, the court in the District of Minnesota action *sua sponte* ordered the parties to show cause why that action, too, should not be dismissed or transferred to the District of Hawaii on the basis of the first-to-file rule. While the Panel does not judge the merits of either the transfer motions or the show cause order, it seems quite possible that this litigation ultimately will proceed in either the District of Hawaii or the District of Minnesota without Panel intervention. Transfer thus appears preferable to centralization in this instance. *See Gerber*, 899 F. Supp. 2d at 1380 (discussing the advantages of Section 1404 transfer over centralization).

Cargill argues that we should proceed to centralize this litigation, as we did the litigation in *In re Schnuck Markets, Inc., Customer Data Security Breach Litigation*, MDL No. 2470, __ F. Supp. 2d __, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013), because of the large nationwide classes asserted by the plaintiffs and the potential for future tag-along actions. Unlike *Schnuck Markets*, however, no potential tag-along actions have been noticed in this litigation, and two months-old demand letters from plaintiffs' counsel, alone, are an insufficient basis for centralization. Likewise, in *Schnuck Markets* there were no final rulings on the Section 1404 motions or other evidence sufficient for us to find a reasonable prospect that the Section 1404 motions would moot the multidistrict character of that litigation. *Id.* at *1. Here, in contrast, one motion to transfer has already been granted, and another court *sua sponte* raised the issue of transfer with the parties. As we have previously held, "centralization under Section 1407 should be the last solution after considered review of all other options," including transfer pursuant to Section 1404 and the first-to-file rule. *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).

---

[1](...continued)
it if the issues raised by the cases substantially overlap.'" *In re Spillman Dev. Group, Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999)). The parties vigorously dispute which of the actions was first-filed. We need not weigh in on which action was the first-filed or whether application of the first-to-file rule is appropriate in these actions, however, in order to decide the present motion before us.

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell  Charles R. Breyer
Sarah S. Vance  Ellen Segal Huvelle

IN RE: TRUVIA NATURAL SWEETENER
MARKETING AND SALES PRACTICES
LITIGATION                                                                                                MDL No. 2512

## SCHEDULE A

<u>Southern District of Florida</u>

Ruth Pasarell v. Cargill, Inc., C.A. No. 1:13-23433

<u>District of Hawaii</u>

Denise Howerton v. Cargill, Inc., C.A. No. 1:13-00336
Erin Calderon v. Cargill, Inc., et al., C.A. No. 1:13-00685

<u>District of Minnesota</u>

Molly Martin, et al. v. Cargill, Inc., C.A. No. 0:13-02563